IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CR-19-92-R |
|  | ) |  |
| RAUL TORRES-VEGA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# ORDER

Before the Court is a Motion to Dismiss (Doc. No. 20) filed by Defendant Raul Torres-Vega. Therein Defendant seeks dismissal of the indictment returned against him on April 2, 2019, charging him with illegal reentry into the United States after prior removal in violation of 8 U.S.C. § 1326(a). Defendant premises his argument in support of dismissal on *Pereira v. Sessions*, --- U.S. ---, 138 S. Ct. 2105 (2018), arguing that deficiencies in his 2011 removal proceedings rendered the order of removal void, and therefore the instant prosecution cannot be maintained. The United States responded in opposition to the motion. Upon consideration of the parties' submissions, the Court finds as follows.

The Indictment herein alleges that on January 28, 2019, Defendant, an alien who had been removed on or about July 18, 2011, was found in the United States, without the consent of the Attorney General or the Department of Homeland Security to reapply for admission into the United States. Defendant challenges the current indictment by seeking to collaterally challenge the 2011 removal proceedings, arguing that the immigration judge lacked jurisdiction over the proceedings because the Notice to Appear did not include a set

date and time for Mr. Torres-Vega to appear for his removal hearing.[1] In *Pereira*, the Supreme Court addressed the "stop time rule," relevant for persons seeking discretionary cancellation of removal if, for example, the person has been continually present in the United States for more than ten years. *See* 8 U.S.C. § 1229b(b)(1). The period of continuous presence is deemed to end "when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1)(A). The Supreme Court concluded that a Notice to Appear that does not specify the time and place at which removal proceedings will be held as required by § 1229(a)(1)(G)(i) does not trigger the stop-time rule. *Id*. at 2113. Defendant herein seeks expansion of the decision in *Pereira*, attempting to collaterally challenge the underlying order of removal, asserting that the immigration judge lacked jurisdiction and therefore the removal order was void. His argument is not unique, having been raised by numerous criminal defendants in various jurisdictions, with varying degrees of success, since the Supreme Court's decision.

> This jurisdictional argument generally goes as follows: under the applicable regulations, "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court[.]" *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. July 26, 2018)(quoting 8 C.F.R. § 1003.14(a)). For immigration proceedings initiated after April 1, 1997, a charging document includes, among other documents, an NTA. Id. (quoting 8 C.F.R. § 1003.13). Relying on *Pereira's* language that says, "A document that fails to include [the time and place of removal proceedings] is not a 'notice to appear under section 1229(a),' " some district courts have concluded that an NTA that omits the time and place of removal proceedings is a defective charging document that cannot confer jurisdiction over removal proceedings. *See id*. at 1165-66 (quoting *Pereira*, 138 S.Ct. at 2113-14). If a defendant's prosecution for illegal reentry rests on a removal order entered by an immigration court that

---

[1] **On June 24, 2011, an Immigration Judge ordered Mr. Torres-Vega's removal pursuant to a stipulation and waiver he executed with the Department of Homeland Security, U.S. Immigration and Customs Enforcement. Defendant does not address the impact of the stipulation.**

2

> did not have jurisdiction (as Defendant in this case asserts), then the indictment must be dismissed. *Id.* at 1166.

*United States v. Gonzalez*, No. 8:18CR253, 2019 WL 1101284, at *3 (D. Neb. Feb. 11, 2019), report and recommendation adopted, No. 8:18CR253, 2019 WL 1099717 (D. Neb. Mar. 8, 2019) (footnotes omitted).

Defendant contends the collateral challenge to the original order of removal is appropriate under 8 U.S.C. § 1326(d):

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that--
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

Defendant contends that he was not required to exhaust, because the initial order of removal was void for want of jurisdiction. He contends the immigration proceedings were fundamentally unfair because he could not have been lawfully deported premised on the order of an immigration judge who lacked jurisdiction.

Defendant seeks to avoid the exhaustion requirement by asserting that exhaustion would have been futile in light of a Bureau of Immigration Appeals decision issued in 2011 that held, "regardless of whether the date and time of the hearing have been included in [the notice to appear]" the notice is effective to confer jurisdiction. (Doc. No. 20, p. 6). Defendant's argument ignores recent Tenth Circuit authority addressing futility in the context of § 1326(d):

> [F[]utility does not excuse a failure to exhaust when administrative exhaustion is required by a statute. *See Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L.Ed.2d 958 (2001) (courts will "not read futility or other exceptions into statutory exhaustion requirements"). Because administrative exhaustion is required by a statute (8 U.S.C. § 1326(d)(1) ), no futility exception exists. *See United States v. Copeland*, 376 F.3d 61, 66–67 (2d Cir. 2004) (holding that no futility exception exists, with one exception not relevant here, for the requirement of administrative exhaustion under 8 U.S.C. § 1326(d)).

*United States v. Contreras-Cabrera*, No. 18-6189, 2019 WL 1422627, at *2 (10th Cir. Mar. 29, 2019).[2] Accordingly, the Court finds that Defendant cannot rely on § 1326(d) as a basis for attacking the 2011 underlying order of removal.

Furthermore, even if exhaustion were not required, Defendant would not be entitled to relief, because the Court disagrees with his contention that the Notice to Appear deprived the immigration judge of jurisdiction over his removal proceedings. As noted by the court in *United States v*. Gonzalez, "[t]he reasoning in *Virgen-Ponce* and its application of *Pereira* has been rejected by the majority of district courts presented with the issue." 2019 WL 1101284, at *3 n. 7 (citing *United States v. Duarte*, Case No. 4:18CR3083, 2018 WL 6493090 (D. Neb. Nov. 30, 2018)(Zwart, M.J.) report and recommendation adopted, 4:18CR3083, 2018 WL 6492750 (D. Neb. Dec. 10, 2018*); United States v. Escobar*, No. 4:18CR3090, 2018 WL 6566001 (D. Neb. Nov. 30, 2018)(Zwart, M.J.), report and recommendation adopted, No. 4:18CR3090, 2018 WL 6529487 (D. Neb. Dec. 12, 2018*); United States v. Rivera*, Case No. 8:18CR289 (D. Neb. Jan. 7, 2019)(Bazis, M.J); see also, *Jorge S. v. Sec'y of Homeland* Sec., No. 18-CV-1842 (SRN/HB), 2018 WL 6332717, at *8

---

[2] Here, as in *Contreras-Cabrera*, Defendant waived his right to appeal the removal order. (Doc.No. 20-2, ¶ 6(f)). "By waiving his right to appeal, Mr. Contreras-Cabrera would ordinarily have failed to exhaust administrative remedies. *United States v. Chavez-Alonso*, 431 F.3d 726, 728 (10th Cir. 2005)." *Id.* at *1.

(D. Minn. Nov. 15, 2018), report and recommendation adopted, No. 18-CV-1842 (SRN/HB), 2018 WL 6332507 (D. Minn. Dec. 4, 2018) ("The *Virgen-Ponce* reasoning has been widely criticized elsewhere.")(citations omitted). In another context the Ninth Circuit in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), considered "whether the Immigration Court has jurisdiction over removal proceedings when the initial notice to appear does not specify the time and date of the proceedings, but later notices of hearing include that information." *Id.* at 1158. The court noted that the applicable regulations granting jurisdiction to the immigration court, specifically 8 C.F.R. §§ 1003.13 and 1003.14(a), indicate that a charging document, including a notice to appear, provides that court with jurisdiction. Furthermore, the regulations do not mandate that a notice to appear or other charging document contain the time and date of removal proceedings. *Id.* at 1159 (citing 8 C.F.R. § 1003.15(b). The court further noted that the defendant therein had actual notice of the relevant hearings, a factor also present in the instant case, as evidenced by Defendant's June 17, 2011 Stipulation, wherein he agreed to removal to Mexico. (Doc.No. 20-2).

Fundamentally, Defendant seeks the expansion of the Supreme Court's very narrow decision in *Pereira:* "[t]he narrow question in this case lies at the intersection of those statutory provisions." 138 S. Ct. at 2110 (The stop time rule set forth in 8 U.S.C. § 1229b(d)(1)(A) and the notice to appear provision in § 1229(a)(1)); ("[T]he dispositive question in this case is much narrower, but no less vital") *Id.* at 2113; "[T]his case presents a narrow and technical issue of immigration law . . . ." *Id.* at 2121 (Alito, J. dissenting). Notably, the Supreme Court did not once use the term "jurisdiction." To adopt Defendant's

5

position would require an expansive reading of *Pereira*. As noted by the court in *United States v. Porras-Avila*, No. 4:19-CR-010-1, 2019 WL 1641191 (S.D. Tex. Apr. 16, 2019), after discussing cases that support Defendant's theory:

> These cases necessarily entail a broad reading of *Pereira* in that they explicitly hold that the Supreme Court found that no jurisdiction exists if a specific time and place is not included on the initial NTA.
> This Court cannot agree with that basic proposition because the Supreme Court never made such a holding. In fact, it is clear that the majority opinion was purposefully narrow. The word "jurisdiction" does not appear anywhere in the *Pereira* majority opinion. To read that requirement into the majority's opinion either assumes that the majority of the Supreme Court did not understand the significance of that term or that they were purposefully trying to hide the opinion's real meaning from the rest of the federal judiciary. This Court will not presume either. If the Supreme Court had wanted to reach this result it could have easily held that the failure to include the time and place of a hearing in the NTA is jurisdictional. It did not.

*Id.* at *4. Recently the District of Utah denied a motion similar to that presented by Defendant herein, noting:

> [A]ll five courts of appeals to have considered the argument that *Pereira* divests an [immigration judge] of subject-matter jurisdiction have rejected it. *See Banegas Gomez v. Barr*, —— F.3d ——, No. 15-3269, 2019 WL 1768914, at *6–7 (2d Cir. Apr. 23, 2019); *Soriano-Mendosa v. Barr*, No. 18-9535, 2019 WL 1531499, at *4 (10th Cir. Apr. 9, 2019) (unpublished); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 311–15 (6th Cir. 2018); *Leonard v. Whitaker*, 746 F. App'x 269, 269–70 (4th Cir. 2018) (unpublished).

*United States v. Doblado-Cabrera*, 2019 WL 2060115, *2 n. 3. (D.Utah. May 9, 2019).

Because the Court concludes that the Immigration Judge had jurisdiction to enter Defendant's 2011 removal, he cannot satisfy the § 1326(d) factors to prevail on a collateral attack against that order. Additionally, Defendant cannot establish that the entry of his removal order was fundamentally unfair pursuant to *Pereira* in light of his decision to

stipulate to removal. As a result, he cannot demonstrate that the result of the removal proceedings would have been different but for the defect in the initial NTA.

Although there are district courts that have followed Defendant's suggested route and expanded *Pereira* beyond the narrow holding enunciated by the Supreme Court, the undersigned declines to join those jurisdictions, which are in the minority. Defendant has not established a successful basis for challenging his 2011 removal, and accordingly, is not entitled to dismissal of the charges currently pending against him. Accordingly, and for the reasons set forth above, the Motion to Dismiss (Doc. No. 20) is DENIED.

**IT IS SO ORDERED** this 22nd day of May 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE